# SECTION 362 INFORMATION COVER SHEET

DEBTORS:   Ann Charlene Wilkins

BANKRUPTCY NO. 20-13529-btb                    MOTION #: _____

MOVANT:  Honda Financial Services DBA American Honda Finance Corporation
CHAPTER:  7

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 9/3/2020                    Signature: /s/ Michael Chen   Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 2019 Honda Odyssey VIN: 5FNRL6H70KB039632

NOTICE SERVED ON: Debtor:  Ann Charlene Wilkins; Debtor's counsel, Seth D Ballstaedt; Trustee, Robert E. Atkinson.

DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | | | DEBTORS' CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | |
| 1st  Honda Financial Services DBA American Honda Finance Corporation | $ | 38,006.25 | The EXTENT and PRIORITY OF LIENS: |
| 2nd | $ | | 1st |
| 3rd | $ | | 2nd |
| 4th | $ | | 3rd |
| | | | Other |
| Total Encumbrances: | $ | 38,006.25 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | $ | 27,825.00 | APPRAISAL or OPINION as to VALUE: |
| **TERMS OF MOVANT'S CONTRACT with the DEBTOR** | | | **OFFER OF "ADEQUATE PROTECTION" for MOVANT:** |
| Amount of Note:         $49,526.78 | | | |
| Interest Rate:              1.90 % | | | |
| Duration:                    60 Months | | | |
| Payment per month:    $866.61 | | | |
| Date of Post-Petition Default: _____ | | | |
| Amount Post-Petition Arrears: $_____ | | | SPECIAL CIRCUMSTANCES: |
| Recording NOD:    NOS: | | | |
| SPECIAL CIRCUMSTANCES: There is no equity in the property for the Debtor.  Debtor is surrendering collateral | | | |
| | | | Submitted by: |
| Submitted by:  Michael Chen, Esq. | | | |
| Signature:    /s/  Michael Chen | | | Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet.  The Cover Sheet requires a statement of the nature and extent of the liens on the Debtors' property at issue.  The movant must show at least the status of the issue.  The movant must show at least the status of the movant's lien and any senior liens.  At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtors' formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court <u>will not</u> hear motions not properly noticed.  Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay <u>must be served</u> on the Debtors, the Debtors' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee.  <u>See</u> Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

Kristin A. Schuler-Hintz, Esq. SBN 7171
Michael Chen, Esq. SBN 7307
McCarthy & Holthus, LLP
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (877) 369-6122
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

E-filed: 9/4/2020

Attorney for Secured Creditor, Honda Financial Services DBA American Honda Finance Corporation, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Ann Charlene Wilkins,<br><br>Debtor. | Case No. 20-13529-BTB<br><br>Chapter 7<br><br>**HONDA FINANCIAL SERVICES DBA AMERICAN HONDA FINANCE CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>HEARING:<br>DATE:   10/6/2020<br>TIME:    10:00am |

**Honda Financial Services DBA American Honda Finance Corporation, its assignees and/or successors** ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party and its Trustee may, enforce its rights under applicable state law, or at its election, seek to modify the loan, relative to the Simple Interest Vehicle Contract for Sale and Security Agreement and Dealertrack

Technologies of the Debtor's personal property, commonly known as 2019 Honda Odyssey VIN: 5FNRL6H70KB039632 ("Property" herein).

Secured Creditor is the holder of a lien interested securing a Simple Interest Vehicle Contract for Sale and Security Agreement dated 11/27/2018, in the amount of $49,526.78. **See Exhibit "1".** A true and correct copy of the Dealertrack Technologies is attached hereto as **Exhibit "2".**

The current market value of the Debtor's subject Property is $27,825.00, based upon a current NADA Used Car Guide. See **Exhibit "3"**.

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein.

| | | |
|---|---|---|
| Value | $ | 27,825.00 |
| Total Liens to Secured Creditor | $ | 38,006.25 |
| Equity | $ | (10,181.25) |

The Debtor filed the subject bankruptcy petition on 7/23/2020.

Pursuant to the terms of the Simple Interest Vehicle Contract for Sale and Security Agreement, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Simple Interest Vehicle Contract for Sale and Security Agreement, the following is now due:

**Total Due**

| | | |
|---|---|---|
| Unpaid Principal Balance: | $ | $38,006.25 |
| DELINQUENCIES: | | |
| Monthly Payments: 6 at $ (04/01/2020 through 09/01/2020) | $ | 5,199.66 |
| **Total Delinquencies:** | **$** | **5,199.66[1]** |
| **Total Due to Secured Creditor:** | **$** | **38,006.25** |

The next scheduled monthly payment of $866.61 is due 10/01/2020, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents. Late charges will accrue if payment is not received by the 15th of the month.

The vehicle is currently being surrendered, see Statement of Intention **Exhibit "4"**

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to pursue their rights under applicable State and Federal Law to recover the property or to modify the loan.

2. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to contact the Debtor via telephone or written correspondence to offer such an agreement.

3. For an Order for the immediate pre-confirmation distribution and accounting of any funds being held as adequate protection for Secured Creditor.

4. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

5. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

---

[1] This is not a post-petition reinstatement quote and may not include any additional advances or costs having been incurred, paid or coming due since filing the instant motion.

6. For attorneys' fees and costs incurred herein.

7. For such other relief as the Court deems proper.

Dated:  September 4, 2020                                   McCarthy & Holthus, LLP

                                                     By: /s/  Michael Chen
                                                         Michael Chen, Esq.
                                                         Attorney for Secured Creditor
                                                         Honda Financial Services DBA American
                                                         Honda Finance Corporation, its assignees
                                                         and/or successors

4

| | |
|---|---|
| Kristin A. Schuler-Hintz, Esq. SBN 7171 | |
| Michael Chen, Esq. SBN 7307 | E-filed: 9/4/2020 |
| **McCarthy & Holthus, LLP** | |
| 9510 West Sahara Avenue, Suite 200 | |
| Las Vegas, NV 89117 | |
| Phone (877) 369-6122 | |
| Fax (866) 339-5691 | |
| NVBK@McCarthyHolthus.com | |

Attorneys for Secured Creditor, Honda Financial Services DBA American Honda Finance Corporation, its assignees and/or successors

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 20-13529-btb |
| | ) |
| Ann Charlene Wilkins, | ) Chapter 7 |
| | ) |
| Debtor. | ) DATE: 10/6/2020 |
| | ) TIME: 10:00am |
| | ) |
| | ) **ORDER TERMINATING** |
| | ) **AUTOMATIC STAY** |
| | ) |

*Rev. 12.09*          M&H File No NV-20-163162-CPG
                                    20-13529-btb

The Motion for Relief From Automatic Stay came on regularly for hearing at the date and time set forth above before the United States Bankruptcy Court.  Upon review of the Motion and supporting evidence, and good cause appearing, the Court rules as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay provisions of 11 U.S.C. §362 be and are hereby terminated with respect to the interests of Movant in the personal property commonly known as 2019 Honda Odyssey VIN: 5FNRL6H70KB039632.

IT IS FURTHER ORDERED that Movant may proceed with post-repossession remedies, in compliance with applicable law.

IT IS FURTHER ORDERED that Movant shall be permitted to communicate with the Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with the applicable nonbankruptcy law.

IT IS SO ORDERED.

Submitted by:
McCarthy & Holthus, LLP

_____
Kristin A. Schuler-Hintz, Esq.
Michael Chen, Esq.
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
(877) 369-6122

Approved/Disapproved

_____
Seth Ballstadt, Esq.
Counsel for the Debtor
702-715-0000

Approved/Disapproved

_____
Robert E. Atkinson
376 E Warm Springs Rd Ste 130
Las Vegas, NV 89119

ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Counsel appearing: Seth D Ballstaedt

Unrepresented parties appearing: None

Trustee: Robert E. Atkinson.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:
McCarthy & Holthus, LLP

/s/ Michael Chen
Kristin A. Schuler-Hintz, Esq. SBN 7171
Michael Chen, Esq. SBN 7307